IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| **ROBERT D. CURRIE,**<br><br>         Plaintiff,<br><br>v.<br><br>**BETH ARTHUR, SHERIFF,**<br><br>         Defendant. | Civil Action No. 1:11-CV-892 |

**PLAINTIFF'S MOTION FOR SANCTIONS AGAINST JACK GOULD, ESQ.**

**COMES NOW**, Plaintiff, Robert D. Currie ("Plaintiff" or "Mr. Currie"), by counsel, pursuant to the Fed. R. Civ. P. 30, and for his Motion for Sanctions states:

1. On February 7, 2012, Plaintiff took the depositions of certain non-party witnesses at the Arlington Adult Detention Center, namely, inmates Edward B. Straughn and Duane Smith.

2. During the course of the deposition of Inmate Straughn, defense counsel, Jack Gould, stood up, hovering over Plaintiff and cursed him stating:

   **GOULD:** "Do you always have a shit eating grin on your face?"

   ( Trans., pg. 4, ln. 16-17.)

3. Plaintiff, startled and in shock by such statement, replied:

   **CURRIE:** "Did you just curse?" ( Trans., pg. 4, ln. 18.)

4. In response, Mr. Gould barked:

   **GOULD:** "You've got this ugly grin on your face which I don't appreciate." (Trans., pg. 4, ln. 19-20.)

5. Mr. Gould's verbal abuse of Plaintiff was rude, crass, unprofessional, and designed to intimidate and badger Plaintiff, whom Mr. Gould had deposed the day prior being on the record for nearly seven (7) hours. As a direct result of Mr. Gould's highly inappropriate, malicious conduct, the depositions were delayed resulting in a telephone call to Judge's Chambers, wherein Mr. Gould was chastised for his behavior. At no time has Mr. Gould extended an apology to Mr. Currie for his verbal attack.

6. Mr. Currie was embarrassed and humiliated in front of an inmate who verbally abused Mr. Currie at the Arlington County Adult Detention Center in May, 2010 – while Mr. Currie was a civilian employee of the Sheriff – without any punishment by the Sheriff. Now, Mr. Currie unfortunately had to experience being verbally abused by the Sheriff's attorney, Mr. Gould, in deposition before the very same inmate who verbally abused Mr. Currie.

7. Mr. Currie has incurred necessary attorney's fee related to the delay in the depositions and the prosecution of this Motion for Sanctions.

8. Mr. Gould's reprehensible conduct should be sternly punished and not countenanced by this Court, as Mr. Gould's conduct has impeded, delayed and frustrated the fair examination of the deponent and was highly offensive and mean spirited towards Plaintiff. *See* Fed. R. Civ. P. 30(d)(2) and (3).

9. Despite being admonished by the Court on February 7, 2012, Mr. Gould's misconduct continued during the deposition of Defendant, Sheriff, Beth Arthur. A review of Plaintiff's counsel's examination of the Sheriff on the issue of nooses

being hung in the Deputy's locker room, or other places within the jail, Mr. Gould's misconduct may be observed:

| | |
|---|---|
| BAKER: | Have there ever been any situations where an employee has alleged that, a black employee has alleged that he or she has found a noose in the sheriff's office or anywhere within the sheriff's building, to your knowledge? (Arthur Trans., pg. 14, ln 2-6). |
| GOULD: | Time frame, sir? (Arthur Trans., pg. 14, ln. 7) |
| BAKER: | During her, during the sheriff's administration. (Arthur Trans., pg. 14, ln. 8-9) |
| ARTHUR: | I, only when you mentioned that – (Arthur Trans., pg. 14, ln. 10-11) |
| BAKER: | Yes. (Arthur Trans., pg. 14, ln. 13) |
| ARTHUR: | -- do I vaguely remember possibly there was an incident, but I don't remember who it was by or the race, gender of the individuals involved in the circumstances. (Arthur Trans., pg. 14, ln. 14-17) |
| BAKER: | What was the incident, ma'am? (Arthur Trans., pg. 14, ln. 18) |
| ARTHUR: | I don't remember. I just remember – you, you jogged a memory, but I don't remember any details about it. (Arthur Trans., pg. 14, ln. 19-21) |
| BAKER: | Did it involve a noose? I asked you about a noose. (Arthur Trans., pg. 14, ln. 22, pg. 15, ln. 1) |
| ARTHUR: | Right, and I remember that there was an incident, but I do not remember any details. (Arthur Trans., pg. 15, ln. 2-3) |
| BAKER: | An incident involving a noose? (Arthur Trans., pg. 15, ln. 4) |
| ARTHUR: | I, I have a lot of things that go on a daily basis, a lot of issues and incidents and items that I deal with every day, and I am – just don't remember specific details. (Arthur Trans., pg. 15, ln. 5-8) |

| | | |
|---|---|---|
| | BAKER: | Let's, let's back up. Am I correct in understanding that at some point during your administration, a noose was found within the Arlington County detention center? (Arthur Trans., pg. 15, ln. 9-12) |

10. Mr. Gould then, attempting to signal to and coach the deponent, interjects a meritless objection attempting to break the examiner's flow:

| | | |
|---|---|---|
| | GOULD: | Objection -- foundation. (Arthur Trans., pg. 15, ln. 13) |
| | BAKER: | Noted. (Arthur Trans., pg. 15, ln. 14) |
| | ARTHUR: | I don't recall if it was during, since I was sheriff or since I've worked in the sheriff's office. (Arthur Trans., pg. 15, ln. 15-17) |
| | BAKER: | Right. Okay. (Arthur Trans., pg. 15, ln. 19) |
| | ARTHUR: | I've been there 27 years. (Arthur Trans., pg. 15, ln. 20) |
| | BAKER: | Okay. Since you've worked in the sheriff's office. (Arthur Trans., pg. 15, ln. 21-22) |
| | ARTHUR: | I, I vaguely, only when you made the comment – (Arthur Trans., pg. 16, ln. 1-2) |
| | BAKER: | Yes. (Arthur Trans., pg. 16, ln. 3) |
| | ARTHUR: | -- remember something, but I don't remember any details about it. (Arthur Trans., pg. 16, ln. 4-5) |
| | BAKER: | Something involving a noose? (Arthur Trans., pg. 16, ln. 6) |
| | ARTHUR: | I don't remember any details. (Arthur Trans., pg. 16, ln. 7) |
| | BAKER: | No. No. No. I'm going to ask you about it, ma'am, so just relax. (Arthur Trans., pg. 16, ln. 8-9) |

11. Mr. Gould interrupts the deposition falsely accusing the examiner of being "rude." Such allegation is particularly alarming when Mr. Gould some twenty-four (24) hours prior cursed the Plaintiff:

      ARTHUR:    I said yes. (Arthur Trans., pg. 16, ln. 10)

      GOULD:    Don't tell the witness to relax. It's rude. (Arthur Trans., pg. 16, ln. 11-12)

      BAKER:    No. No. (Arthur Trans., pg. 16, ln. 13)

      GOULD:    It is rude. (Arthur Trans., pg. 16, ln. 14)

      BAKER:    That's not, that's not rude. (Arthur Trans., pg. 16, ln. 15)

      GOULD:    It is rude. She's answered your question. (Arthur Trans., pg. 16, ln. 16-17)

      BAKER:    There's nothing rude about it, Jack. I know you don't like this, but everyone knows. So Madam Sheriff – (Arthur Trans., pg. 16, ln. 18-21)

12. Gould, for the second time, stops the deposition and then attempts to take over the deposition by attempting to interrogate the examiner:

      GOULD:    Stop. Everyone knows what? (Arthur Trans., pg. 16, ln. 22)

      BAKER:    Madam Sheriff – (Arthur Trans., pg. 17, ln. 1-2)

      GOULD:    Just answer his question, but don't let him get you aggravated. And by the way – (Arthur Trans., pg. 17, ln. 3-5)

13. For the third time, Mr. Gould interrupts the deposition to ask the witness if she wants to take a break in the midst of this very sensitive examination:

      BAKER:    Madam Sheriff – (Arthur Trans., pg. 17, ln. 7)

      GOULD:    Did you want to break? (Arthur Trans., pg. 17, ln. 8)

      BAKER:    No. No. No. We're not breaking. (Arthur Trans., pg. 17, ln. 9-10)

COURT REPORTER: I did.

|   |   |
|---|---|
| BAKER: | Ma'am, can we just go, let me just get through this line of questioning? |
| COURT REPORTER: | Certainly. |
| BAKER: | There was a noose found in the Arlington County detention center sheriff's office, correct? (Arthur Trans., pg. 17, ln. 16-18) |

14. Mr. Gould, wanting to silence his client, lodges a meritless objection:

|   |   |
|---|---|
| GOULD: | Objection -- asked and answered. (Arthur Trans., pg. 17, ln. 19-20) |
| BAKER: | Correct? (Arthur Trans., pg. 17, ln. 22) |
| ARTHUR: | I don't recall any detail. (Arthur Trans., pg. 18, ln. 1) |
| BAKER. | Well, but the answer is yes, a noose was found, right? (Arthur Trans., pg. 18, ln. 2-3) |
| ARTHUR: | I don't recall. (Arthur Trans., pg. 18, ln. 4) |
| BAKER. | You don't remember whether a noose was found or not? (Arthur Trans., pg. 18, ln. 5-6) |
| ARTHUR: | Sir, I -- no. (Arthur Trans., pg. 18, ln. 7) |
| BAKER: | Does Don Williamson ring a bell with respect to being the complainant concerning a noose that was found in the Arlington County detention center or one of its offices? (Arthur Trans., pg. 18, ln. 8-11) |
| ARTHUR: | No, sir. (Arthur Trans., pg. 18, ln. 12) |
| BAKER: | Do you know Shannon Williamson? (Arthur Trans., pg. 18, ln. 13) |
| ARTHUR: | Yes, sir. (Arthur Trans., pg. 18, ln. 14) |
| BAKER: | Is she African-American? (Arthur Trans., pg. 18, ln. 15) |
| ARTHUR: | No, sir. (Arthur Trans., pg. 18, ln. 16) |
| BAKER: | What is her or his race, her race? (Arthur Trans., pg. 18, ln. 17) |

| | | |
|---|---|---|
| | ARTHUR: | She is Caucasian. (Arthur Trans., pg. 18, ln. 18) |
| | BAKER: | Was Don Williamson, the individual who placed the noose – (Arthur Trans., pg. 18, ln. 19-20) |
| 14. | For the fifth time, Mr. Gould stops the deposition: | |
| | GOULD: | Hold on. (Arthur Trans., pg. 18, ln. 21) |
| | BAKER: | Her husband in the Arlington County detention center? (Arthur Trans., pg. 19, ln. 1-2) |
| | GOULD: | Objection -- foundation. (Arthur Trans., pg. 19, ln. 3) |
| | BAKER: | Noted. (Arthur Trans., pg. 19, ln. 4) |
| | GOULD: | Calls for speculation. (Arthur Trans., pg. 19, ln. 5) |
| | BAKER: | Noted. (Arthur Trans., pg. 19, ln. 6) |
| | ARTHUR: | I do not recall. (Arthur Trans., pg. 19, ln. 7) |
| | BAKER: | Was it found, was the noose found by Deputy Boyd's locker?(Arthur Trans., pg. 19, ln. 8-10) |
| | ARTHUR: | I do not recall. (Arthur Trans., pg. 19, ln. 11) |
| | BAKER: | Did you participate in the investigation with regards to the EEO complaint filed concerning the noose? (Arthur Trans., pg. 19, ln. 12-14) |
| | GOULD: | Excuse me. Don't answer until I object. (Arthur Trans., pg. 19, ln. 15-16) |
| | ARTHUR: | Okay. (Arthur Trans., pg. 19, ln. 17) |
| | GOULD: | Objection -- foundation. (Arthur Trans., pg. 19, ln. 18) |
| | BAKER: | Noted. (Arthur Trans., pg. 19, ln. 19) |
| | ARTHUR: | I don't recall any specifics. (Arthur Trans., pg. 19, ln. 20-21) |
| | BAKER: | But you know about the incident, right? (Arthur Trans., pg. 20, ln. 1) |

    ARTHUR:  I don't recall any specifics. (Arthur Trans., pg. 20, ln. 2)

**WHEREFORE**, for the foregoing reasons, Plaintiff, respectfully requests that Plaintiff's Motion for Sanctions be **GRANTED**, that monetary sanctions be levied against Mr. Gould and that Plaintiff be awarded his reasonable and necessary attorney's fees incurred respecting the delay of the depositions in this matter and the drafting and prosecution of this Motion, and for such other and further relief as this Court deems meet.

                     **ROBERT D. CURRIE**
                      **By Counsel**

**BAKER SIMMONS, Attorneys at Law**
2120 L Street, NW, Suite 200
Washington, DC 20037
Telephone: 202.775.0050 Facsimile: 202.775.0056
Email: bakersimmons@verizon.net


By: _____/s/_____
  Richard Carnell Baker (VSB# 28854)
  Counsel for Robert D. Currie