## IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF VIRGINIA
### Alexandria Division

| | |
|---|---|
| ROBERT D. CURRIE, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Civil Action No.: 1:11-cv-892 |
| BETH ARTHUR, SHERIFF, | ) ) ) |
| Defendant. | ) |

### <u>ORDER</u>

This matter is before the Court on Defendant's Bill of Costs (Dkt. No. 192), Plaintiff's Motion to Strike Defendant's Bill of Costs (Dkt. No. 199), and Defendant's Motion for Attorney's Fees and Costs (Dkt. No. 193). Upon review of the motions and the briefs in support and opposition, it is hereby ORDERED that Defendant's Bill of Costs is GRANTED in Part and DENIED in Part and Plaintiff's Motion to Strike is DENIED. It is further ORDERED that Defendant's Motion for Attorney's Fees is DENIED.

### I. Defendant's Bill of Costs

Following entry of an order granting summary judgment in her favor, Defendant Arthur sought costs from Plaintiff pursuant to Fed. R. Civ. P. 54(d). Courts have wide latitude to award costs, so long as the costs are enumerated in the general taxation of costs statute, 28 U.S.C § 1920. *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441-42 (1987). In the Fourth Circuit, there is a presumption that the prevailing party will be awarded costs. *Cherry v. Champion Int'l Corp.*, 186 F.3d 442, 446 (4th Cir. 1999). However, the prevailing party retains the burden of proving their requested costs are allowable under § 1920. *See Francisco v. Verizon South, Inc.*, 272 F.R.D. 436, 441 (E.D. Va. 2011). Defendant's Bill of Costs contains the following items: (1) Invoices for Transcripts of Depositions and Hearings; (2) Fees for

1

Witnesses; (3) Fees for Outside Copying; and (4) Expert Witness Fees. In total, Defendant requests $20,430.94.

Because summary judgment was granted in favor of Defendant, there is no question that Defendant is the prevailing party in this suit. Plaintiff, however, objects to private process server fees, outside copying fees, and expert witness fees. Although courts in this district remain split about whether fees for private process services should be taxed as costs, this Court has previously found the "weight of the cases in this district . . . hold private process server fees are not taxable under 28 U.S.C. § 1920." *Ford v. Zalco Realty, Inc.*, 708 F. Supp. 2d 558, 561 (E.D. Va. 2010); *see Francisco v. Verizon South*, 272 F.R.D. 436, 442 (E.D. Va. 2011) (citing *Zalco* and denying reimbursement of private process serving costs, and noting that the Second and Eighth circuits have taken a similar position); *U.S. ex rel. Davis v. U.S. Training Ctr., Inc.*, --- F. Supp. 2d. ----, 2011 WL 6317336, at *1 (E.D. Va. Dec. 8, 2011) (finding private process server fees non-taxable). The Court's Taxation of Costs Guidelines also explicitly lists "private process server fees" as a non-taxable expense. The Court thus disallows the Defendant's request for $199.00 reimbursement for private service of process.

Arthur seeks $934.74 for copying and related services incurred during the litigation. Copying fees are a reimbursable cost under 28 U.S.C. § 1920(4) when they are "necessarily obtained for use in the case." Courts, however, have limited costs available under section 1920(4), holding that "photocopy charges are properly taxable only to the extent that the copies were used as court exhibits or were furnished to the court or opposing counsel." *Bd. of Dir. v. Anden Group*, 135 F.R.D. 129, 138 (E.D. Va. 1991). The burden is on the party seeking recovery of photocopying costs to demonstrate the reasons for each copying charge. *Zalco*, 708 F. Supp. 2d at 563. Defendant has met this burden for only a portion of her copying costs. A review of

Defendant's receipts does little to clarify what was copied. *See* Def. Bill of Costs, Exs. 14-15. It appears 2580 original pages were scanned, and two copies were produced. There are also charges for what Defendant refers to as "related services." Within briefing, Defendant clarifies the portion of these costs she finds taxable and the basis for so finding. Namely, Defendant argues the costs of "one set of copies . . . made for plaintiff's attorney and produced in discovery" and an indefinite number of copies used as trial exhibits and as exhibits in support of Defendant's motion for summary judgment are taxable.[1] Def. Reply at 4. After a review of the receipts submitted by the Defendant, it appears the charge attributable to copying for documents produced to the Plaintiff in discovery is $154.80. The Court finds this $154.80 charge taxable. However, Defendant's description of the second set of copies is insufficient and the remaining requests for copying costs will be disallowed. Not all of the 2580 documents were used as exhibits. Without any attempt to demarcate which documents were used and which were not, the Court denies Defendant's remaining requests for taxation of copying costs. *See Mann v. Heckler & Koch Defense, Inc.*, No. 1:08-cv-611, 2011 WL 1599580, at *7 (E.D. Va. Apr. 28, 2011) (finding copying costs non-taxable when the movant failed to itemize or otherwise specify what was copied, other than noting that the copies were obtained for the Court and the opposing party). Because Defendant has failed to demonstrate a proper basis for the taxation of the remainder of his copying costs, the Court finds only $154.80 of copying charges taxable.

Defendant seeks an award of $11,825 for three expert witnesses. Under § 1920(3), the costs of witnesses may be taxed. The statutory witness attendance fee is recoverable for experts, but their hourly rate is not. *See* Taxation of Costs Guidelines (noting that "expert witness fees

---

[1] Because Defendant's briefing only requests reimbursement for "copies" and not scanning, the Court need not take a position on whether the cost of scanning electronically stored information is taxable. *See Davis*, 2011 WL 6317336, at *4 (noting the "Fourth Circuit has not directly addressed the question whether ESI-related production and copying costs are recoverable under 28 U.S.C. § 1920, and the applicable precedent from other jurisdictions varies.").

3

above the standard [$40/day] witness rate are not taxable."). Plaintiff did not depose either of Defendant's experts. Because neither attended a deposition or trial, Defendant is not entitled to an attendance fee for either expert. The Court will thus disallow the requested fees for both experts. Finally, Defendant asks the Court assess $1,700 in costs paid to Plaintiff's expert, Dr. Goldman, for his deposition. Unlike Defendant's experts, Dr. Goldman was deposed, so his $40 witness fee is taxable. Additional reimbursement for Dr. Goldman's hourly fee is not permissible. In total, the Court disallows $11,785 of Defendant's costs related to expert witnesses, but allows the $40 witness fee for Dr. Goldman's deposition.

In addition to offering specific objections, the Plaintiff also argues that the Court should consider Plaintiff's financial condition before imposing costs. The Court would be within its discretion to consider the Plaintiff's modest means. *See Cherry*, 186 F.3d at 447-48. Nonetheless, the Court will not exercise its discretion to consider the Plaintiff's financial situation in taxing the Defendant's costs. The Court has sustained many of the Plaintiff's objections to the costs sought by the Defendant. Additionally, the Court is mindful that "Rule 54(d)(1) intends the award of costs to the prevailing party as a matter of course;" indeed, some courts go so far as to consider denial of costs "in the nature of a penalty" against the prevailing party. *Schwartz v. Folloder*, 767 F.2d 125, 131 (5th Cir. 1985); *Serna v. Manzano*, 616 F.2d 1165, 1167 (10th Cir. 1980); *see Cherry*, 186 F.3d at 446 (quoting *Schwartz* and *Serna*). No such penalty is justified. Currie filed this case *pro se* in August 2011. His complaint contained the $350 filing fee and he made no request for leave to proceed *in forma pauperis*. However, even *in forma pauperis* plaintiffs remain "liable for paying the prevailing adversary's costs." *Cherry*, 186 F.3d at 447 (citing 28 U.S.C. § 1915(f)(1)); *see Flint v. Haynes*, 651 F.2d 970, 972 (4th Cir. 1981) ("[A] district court is empowered to award costs even when it has previously granted a litigant the

benefits" of *in forma pauperis* status). In such a circumstance, the Court declines to exercise its discretion and will not consider the Plaintiff's financial condition when imposing costs.

In sum, the Court finds that Defendant is unable to recover the following costs: $199 for private service of process, $779.94 for copying and related services, and $11,785 for expert witnesses. This leaves $7,667 in taxable costs. Because the Court has granted Defendant's Bill of Costs in part and denied it in part, Plaintiff's Motion to Strike is denied as moot.

## II. Attorney's Fees and Costs

Defendant also requests attorney's fees and costs from the Plaintiff and his attorney, Robert C. Baker. Defendant premises such a request on 42 U.S.C § 1988, 42 U.S.C. § 1927, and the inherent authority of the Court.[2] Defendants may recover attorney's fees and costs under Title VII where the lawsuit is frivolous, unreasonable, or without foundation. *E.E.O.C. v. Great Steaks, Inc.*, 667 F.3d 510, 517 (4th Cir. 2012). A finding of frivolousness does not automatically follow from the simple fact that the plaintiff did not prevail. *Id.* Such reasoning would discourage all but the most airtight cases. *Id.* "For this reason, we have recognized that awarding attorneys' fees to a prevailing defendant is a conservative tool, to be used sparingly in those cases in which the plaintiff presses a claim which he knew or should have known was groundless, frivolous, or unreasonable. *Id.* (quotations omitted); *see also Glymph v. Spartanburg Gen. Hosp.*, 783 F.2d 476, 479 (4th Cir. 1986) ("District courts should award such fees sparingly . . . ."). This is not the rare case where an award of attorney's fees and costs is justified. Though the record in this matter proved insufficient to withstand summary judgment, the action, which was filed *pro se,* was not so lacking that the Court could consider it frivolous, unreasonable, or without foundation. *See Zalco*, 708 F. Supp. 2d at 560 ("Hindsight, however, is

---

[2] Defendant also initially premised his request upon Fed. R. Civ. P. 11, but has since withdrawn Rule 11 as basis for his motion.

5

twenty-twenty, and just because the case was dismissed on summary judgment does not mean that the case was frivolous, unreasonable, or without foundation.") (quotations omitted). Consequently, the Court will not impose attorney's fees and costs upon the Plaintiff.

Defendant also requests attorney's fees from Plaintiff's attorney pursuant to 28 U.S.C. § 1927 and the Court's inherent equitable authority. Under § 1927, the Court may require an attorney who "multiplies the proceedings . . . unreasonably and vexatiously" to personally pay the fees incurred by the opposing party as a result of the unreasonable and vexatious conduct. 28 U.S.C. § 1927; *Sanford v. Commonwealth of Virginia*, 689 F. Supp. 2d 802, 806 (E.D. Va. 2010) (quoting § 1927). To rise to the level of a § 1927 violation, the attorney's conduct must be more egregious than behavior sanctionable under Rule 11. *Royal Ins. v. Lynnhaven Marine Boatel, Inc.*, 216 F. Supp. 2d 562, 566 (E.D. Va. 2002). Section 1927 focuses on the conduct of the litigation, not its merits. *DeBauche v. Trani*, 191 F.3d 499, 511 (4th Cir. 1999). Defendant has not met either of § 1927's requirements. There is no evidence before the Court that Plaintiff's counsel multiplied the proceedings. Nor is there evidence of unreasonable or vexatious conduct beyond that sanctionable under Rule 11. Indeed, Rule 11 cross-motions for sanctions against *both* counsels in this action were denied after admonishment from this Court and Magistrate Judge Davis. The Court accordingly denies Defendant's request for attorney's fees pursuant to § 1927.

The Court likewise declines to exercise its inherent power to impose attorney's fees. "The power, incidental to all courts, allows district courts to sanction attorneys who inhibit courts' ability to manage their own affairs." *Sanford*, 689 F. Supp. 2d at 813 (quotations omitted). A court may assess attorney's fees when a party has "acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 258-59

(1975) (quotations omitted). Use of a court's inherent power "generally requires a showing of conduct even more blameworthy than does § 1927 . . . ." *Sanford*, 689 F. Supp. 2d at 813. This power "ought to be exercised with great caution," and reserved for grave circumstances such as the "defiling" of "the very temple of justice." *Royal Ins.*, 216 F. Supp. 2d at 567 (quotations omitted). There is no evidence of bad faith or vexatious, oppressive, or wanton conduct. The Court accordingly denies Defendant's motion attorney's fees under the Court's inherent authority.

May 18, 2012
Alexandria, Virginia

/s/
Liam O'Grady
United States District Judge